# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROBERT W. JOHNSON,**

       **Plaintiff,**

                                  **Case No. 2:19-cv-1130**

     **vs.**                           **Judge George C. Smith**

                                 **Chief Magistrate Judge Elizabeth P. Deavers**

**NATIONWIDE INSURANCE,**
***et al.*,**

       **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

On April 11, 2019, the Court granted Plaintiff, Robert W. Johnson, a New York resident who is proceeding without the assistance of counsel, leave to proceed *in forma pauperis*. (ECF No. 6.) This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--

> \*    \*    \*

>> (B) the action or appeal--

>>> (i) is frivolous or malicious;

>>> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendants "Nationwide Insurance: Cambridge Insurance Group, LLC," with a business address in Columbus, Ohio, and Victoria Fire and Casualty Company, with a business address in Daphne, Alabama (collectively, "Defendant Insurance Companies"). (ECF No. 3 at PAGEID # 15.) Plaintiff alleges violations of "Due Process Rights & Negligence" as follows:

On January 28, 2017[,] I, the Plaintiff, Robert W. Johnson, was a passenger in Demetrius Moore['s] 2008 Chevy Trailblazer in a rear end accident done by Maureen Fabre in her 1999 Oldsmobile. (See EXHIBITS 1)

Demetrius Moore made a left turn onto Walden Ave. from Rohr St. Seconds later Maureen Fabre rear-ended the vehicle we were in causing Plaintiff serious injuries and pain and suffering. Each defendant cause Plaintiff to suffer as the vehicle who struck me [sic] driver was a suspended license civilian who permanent injured and disabled Plaintiff.

(*Id.* at PAGEID ## 16–18.)

In this case, Plaintiff appears to invoke subject matter under 28 U.S.C. § 1331. (*See, e.g.*, *id.* (alleging that the "[b]asis for federal court jurisdiction is federal question under 28 U.S.C. § 1331" and asserting a violation of due process rights). Plaintiff, however, fails to state a claim arising under federal law. To the extent Plaintiff claims Defendants violated his due process rights, "[t]o proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (concluding that due process claim failed as a matter of law where the defendant was not a state actor); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 843 (N.D. Ohio 2009) ("Because defendants are not state actors, they cannot be held liable under the Fourteenth Amendment.") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("'[P]rivate conduct, however discriminatory or wrongful,' falls outside the scope of the Fourteenth Amendment[.]")). "The principal inquiry to be undertaken in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment to the United States Constitution is whether the party's actions may be 'fairly attributable to the State.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, as a preliminary matter, Plaintiff fails to provide factual allegations sufficient to state a plausible cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff does not allege specific wrongful conduct by any named Defendant. Instead, Plaintiff simply asserts conclusory legal allegations. (ECF No. 3 at PAGEID # 18.) Plaintiff's limited assertions therefore do not support any claim arising under Section 1983 against any of the Defendants. *Iqbal*, 556 U.S. at 678; *see also Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

Moreover, Plaintiff has not, and cannot, based on his factual allegations, allege that the Defendant Insurance Companies are state actors or that their conduct constitutes state action. Plaintiff therefore has failed to state a federal claim based on an alleged violation of his rights under the Due Process Clause. *See Lugar*, 457 U.S. at 937; *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."); *Al-Bari v. Schofield*, No. 1:12-cv-00111, 2013 WL 1943016, at *2 (M.D. Tenn. May 9, 2013) ("Regardless, the insurance company is not a state actor that may be sued for constitutional violations under § 1983."); *Horen*, 594 F. Supp. 2d at 843.

To the extent that Plaintiff may invoke diversity jurisdiction under 28 U.S.C. § 1332 in order to pursue his negligence claim (ECF No. 3 at PAGEID ## 17), construing the allegations liberally, *see Haines*, 404 U.S. at 520, the undersigned will presume that Plaintiff has sufficiently

alleged that he, a New York resident, is a different citizen than the Defendant Insurance Companies in Ohio and Alabama and that the amount in controversy exceeds $75,000, in accordance with Section 1332.  (ECF No. 3 at PAGEID ## 14–15, 18.)  Under Ohio law, in order to prevail on a negligence claim, "the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury resulting from the breach."  *Robinson v. Bates*, 112 Ohio St.3d 17, 24 (2006) (citing *Menifee v. Ohio Welding Prods, Inc.*, 15 Ohio St.3d 75, 77 (1984)).  Here, however, Plaintiff asserts no facts giving rise to a claim of negligence.  He has not alleged the existence of a duty owed by the Defendant Insurance Companies or breach of a duty by the Defendant Insurance Companies.  (*See generally* ECF No. 3.)  Plaintiff therefore has failed to provide factual allegations sufficient to state a plausible claim of negligence or any cause of action.  *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief).

## III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief on which relief can be granted.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


DATED:  April 17, 2019
$\qquad$ **/s/ Elizabeth A. Preston Deavers_____**
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**